# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EMPLOYERS MUTUAL CASUALTY COMPANY,
*An Iowa Corporation*,

      Plaintiff,

v.                                                                      No. 2:25-cv-00314-KWR-KRS

DANA ENTERPRISES, INC., *d/b/a*
RUIDOSO BOWLING CENTER, TODD LOPEZ,
*as personal representative of the estate of George Fitzgibbon*, and
LESLIE RENEE FITZGIBBON, *individually and
on behalf of her minor children, A.S.F. and J.C.F.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff Employers Mutual Casualty Company's ("EMC") Motion for Summary Judgment (**Doc. 20**). EMC moves for summary judgment seeking declaratory relief that it does not owe Defendant Dana Enterprises, d/b/a Ruidoso Bowling Center ("Dana Enterprises") a duty to defend or indemnify. *Id.* **at 1**. Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that the Motion is well-taken, and therefore, is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

EMC moves for summary judgment on its declaratory relief claim that it does not have a duty to defend or indemnify Dana Enterprises. *Id.* **at 1**. Dana Enterprises argues that the dismissal of the underlying wrongful death action moots EMC's declaratory relief action. **Doc. 32**. The Court

finds that the dismissal does not moot all of EMC's claims, and EMC does not have a duty to defend Dana Enterprises based on the allegations in the underlying complaint.

On February 26, 2025, the Estate of George Fitzgibbon and the Fitzgibbons ("Estate") filed a complaint in the First Judicial District Court for the County of Sante Fe (**Doc. 1-1**) ("Underlying Suit"). The Underlying Suit alleged that Dana Enterprises' establishment negligently provided alcohol to Jadyn Mow, who then drove while intoxicated and killed George Fitzgibbon. *Id.* **¶¶ 8–13**. The Estate claimed liquor license liability, negligence, loss of consortium, and wrongful death. *Id.* **¶¶ 15–36**.

Pursuant to 28 U.S.C. § 2201, EMC filed the present action for declaratory judgment on March 27, 2025. **Doc. 1**. EMC insured Dana Enterprises under Commercial General Liability Policy No. 6D1-09-79—24 ("Policy") which contains Exclusion c. for liquor liability ("Liquor-Liability Exclusion"). *Id.* **¶ 25**. On July 21, 2025, the Estate dismissed the Underlying Suit without prejudice. **Doc. 33-1**.

### FACTS

Pursuant to summary judgment procedure, EMC set forth a statement of material facts. **Doc. 20 at 3–6**; Fed. R. Civ. P. 56(c)(1); D.N.M.LR-Civ. 56.1(b). Neither Dana Enterprises nor the Estate disputed EMC's statement of material facts. *See* **Docs. 31, 32**. Therefore, the Court considers the following statement of facts as undisputed. *See* Fed. R. Civ. P. 56(e)(2).

The present insurance coverage dispute arises out of the Underlying Suit in which the Estate seeks damages from Dana Enterprises for the death of George Fitzgibbon. *See* **Doc. 1-1 ¶¶ 8–12**. Jadyn Mow was driving and crashed into Fitzgibbon's car—killing him. **Doc. 1 ¶¶ 15–16**; **Doc. 13 ¶¶ 15–16**. The Underlying Suit alleges Dana Enterprises sold or provided alcoholic

beverages to Mow before the accident. **Doc. 1-1 ¶¶ 8, 12**. The Underlying Suit brings liquor license liability and negligence claims against Dana Enterprises. *Id.* **¶¶ 3–5**.

EMC issued Dana Enterprises the Policy, and the Policy was active at the time of Fitzgibbon's death. **Doc. 1-2; Doc. 18 at 5**. The Policy applies to "bodily injury" caused by an "occurrence" during the coverage period. **Doc. 1-2 at 12**. The Underlying Suit seeks damages due to "bodily injury" caused by an "occurrence" during the Policy period. *Id.* The Policy contains an exclusion for liquor liability, and coverage will not apply if the insured is to be held liable by any of the following:

> (1) Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;
>
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
>
>> (a) The supervision, hiring, employment, training or monitoring of others by that insured; or
>>
>> (b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;
>
> if the "occurrence" which caused the "bodily injury" or "property damage" involved that which is described in Paragraph (1), (2) or (3) above.

**Doc. 1-2 at 34**.

Dana Enterprises seeks defense and indemnity under the Policy with respect to the allegations in the Underlying Suit. **Doc. 18 at 4**. On March 27, 2025, EMC agreed to defend Dana Enterprises subject to a reservation of rights. **Doc. 1-3 at 2**. But EMC took the position that the

Policy does not provide coverage for the claims alleged due to the Liquor Liability Exclusion. ***Id.
at 4–6***. Thus, EMC now seeks a declaration that it does not have a duty to defend or indemnify
Dana Enterprises in the Underlying Suit. **Doc. 1 ¶ 4**.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is a fact that could affect the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A genuine dispute over a material fact exists if a rational jury could find in favor of the nonmoving party. *Id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Initially, the movant bears the burden of demonstrating "the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). If the movant meets her initial burden, the burden shifts to the nonmovant to "set forth specific facts from which a rational trier of fact could find for the nonmovant." *Id.* (citation modified). "For dispositive issues on which the plaintiff will bear the burden of proof at trial, he must 'go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment.'" *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

Inferences drawn from the underlying facts must be construed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curium). The

4

proffered evidence "must be based on more than mere speculation, conjecture, or surmise." *Cardoso*, 490 F.3d at 1197 (quoting *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006)). At the summary judgment stage, a judge's function is to "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

EMC contends that the Liquor-Liability Exclusion precludes coverage for Dana Enterprises and relieves EMC of its duty to defend and indemnify Dana Enterprises in the Underlying Suit. **Doc. 1 ¶¶ 28, 45**. Dana Enterprises contends that the dismissal moots EMC's declaratory judgment action. **Doc. 32**. The Court finds that EMC's duty-to-defend claim is not moot, but its duty-to-indemnify claim is moot and dismissed without prejudice. As to EMC's duty to defend, the Court finds that the Liquor-Liability Exclusion applies, and EMC does not have a duty to defend Dana Enterprises based on the Underlying Suit's allegations.

### I. **EMC's action for declaratory relief is partially moot.**

The Declaratory Judgment Act allows a court to declare the rights and other legal relations of a party in a "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). A case of "actual controversy" are those cases and controversies "'that are justiciable under Article III' of the United States Constitution." *Columbian Fin. Co. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Article III forbids courts from giving advisory opinions. *Id.* (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). The controversy adjudicated must be real and substantial, not hypothetical. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937). The party seeking a declaratory judgment bears the burden of demonstrating that an actual controversy exists. *Surefoot L.C. v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

The Tenth Circuit has found that district courts, under the Declaratory Judgment Act, may resolve insurance coverage disputes if there exists a real controversy between the parties regarding their rights and responsibilities under the policy. *Travelers Cas. Ins. Co. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1314–15 (10th Cir. 2024). The crucial inquiry is whether there is "a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Columbian Fin. Corp.*, 650 F.3d at 1376 (quoting *MedImmune, Inc.*, 549 U.S. at 127).

In the insurance context, whether dismissal of an underlying case—without prejudice—moots a related declaratory judgment action depends on whether the duty to defend or duty to indemnify is disputed. *See Valley Imp. Ass'n, Inc. v. U.S. Fid. & Guar. Corp.*, 129 F.3d 1108, 1126 (10th Cir. 1997) (noting that the "duty to defend is broader than the duty to indemnify" so they "may not be equated"); *see also Culp v. N.W. Pac. Indem. Co.*, 365 F.2d 474, 478 (10th Cir. 1966) (reversing district court's finding that no duty to defend also precludes a duty to indemnify because a claim may "ultimately be established" within the policy). EMC contends it owes neither a duty to defend nor a duty to indemnify Dana Enterprises. **Doc. 20 at 9**. The Court considers each duty in turn.

### A. EMC's duty-to-defend claim is not moot.

When an insured can file suit on identical issues and be entitled to payments from the insurer, an insurer can bring a declaratory judgment action if (1) the issues are not hypothetical, (2) the parties have formally expressed their differences on the issues, and (3) the insured is likely to bring the claim. *Columbian Fin. Corp.*, 650 F.3d at 1377.

Here, the dismissal of the Underlying Suit does not moot EMC's duty-to-defend claim. The Estate voluntarily dismissed the Underlying Suit without prejudice. **Doc. 33-1**. Thus, EMC still

faces the threat of the suit being refiled, and the same duty-to-defend dispute looms over it. *Cf. Prier v. Steed*, 456 F.3d 1209, 1213 (10th Cir. 2006) (finding a case moot in which the underlying claim was dismissed with prejudice). Moreover, a lawsuit has been brought, an insurance claim has been filed, insurance coverage has been disputed, and the threat of the lawsuit being refiled looms large considering the dismissal was without prejudice. *See Columbian Fin. Corp.*, 650 F.3d at 1383 (collecting cases where courts had jurisdiction to issue declaratory relief even though an insured had not yet been sued). Crucially, an identifiable and specific claim has been made in the Underlying Suit, and EMC seeks a declaration about its legal obligations. *See id.* at 1384 ("But the *sine qua non* is an identifiable specific claim that has risen above the horizon."). Accordingly, the Court finds that the factual issues have fully matured and are not hypothetical.

Further supporting a finding of jurisdiction, the parties have formally expressed differing views as to whether the Policy provides Dana Enterprises with coverage in the Underlying Suit. *See id.* ("Moreover, even if a claim can be identified, there must be a disagreement about coverage."). Evidenced by its submission of an insurance claim and notice, Dana Enterprises seeks defense and believes it is covered by the Policy in this matter. **Doc. 1-3**. But, in its reservation-of-rights letter, EMC asserted its belief that the Liquor-Liability Exclusion precludes coverage. *Id.* Therefore, the Court finds that a real controversy exists between the parties. *See A-Quality Auto Sales*, 98 F.4th at 1315 (finding a real controversy when an insurance company maintained that a policy limited recovery to $500,000 and insureds demanded more than $500,000).

In addition to being a real controversy, the controversy is of sufficient immediacy and reality. The Underlying Suit can be refiled, and EMC and Dana Enterprises face a coverage dispute arising out of the Underlying Suit. *See* **Docs. 1, 1-3**. EMC seeking a declaration of its rights and

7

obligations under the Policy is a primary use and purpose of the Declaratory Judgment Act. *See A-Quality Auto Sales, Inc.*, 98 F.4th at 1315 (noting that establishing parties' rights and obligations before a coercive action is taken is "the heartland of disputes" properly decided by declaratory action). The filing of the Underlying Suit gives sufficient jurisdiction under the Declaratory Judgment Act, but a voluntary dismissal without prejudice does not immediately moot EMC's declaratory judgment action. *See Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins., Co.*, 32 F. Supp. 3d 1226, 1230 (S.D. Fla. 2014) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1111 (11th Cir. 2004) (finding that dismissing an underlying claim with prejudice may moot the related declaratory judgment action, but a dismissal without prejudice does not moot the declaratory judgment action). There remains a real controversy as to coverage, and the Estate is free to refile the same claims against Dana Enterprises for which EMC must remain prepared to defend. *See Nautilus Ins. Co. v. La Lagunita, Inc.*, No. 3:15-cv-80-TCB, 2015 WL 12592703, at *2 (N.D. Ga. Oct. 30, 2015) ("[B]ecause the dismissal was without prejudice, leaving [a plaintiff] to refile the same claims, there remains a case or controversy suitable for resolution by the Court."). Since the coverage dispute remains outstanding, declaring the rights of the parties under the disputed Policy will have a real effect on the insurer and the insured. *See Prier*, 456 F.3d at 1213 ("The crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world." (quoting *Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000))). Accordingly, the Court finds that EMC's duty-to-defend claim is not moot.

    **B. EMC's duty-to-indemnify claim is moot and dismissed without prejudice.**

While the duty to defend is broader than the duty to indemnify, deciding whether an insured has a duty to indemnify after an underlying suit is dismissed without prejudice impermissibly

8

"ignores the possibility . . . that a claim may ultimately be established" within coverage. *See Valley Imp. Ass'n, Inc.*, 129 F.3d at 1126 (quoting *Culp*, 365 F.2d at 478).

Here, the dismissal of the Underlying Suit leaves the Court without a judgment that would trigger EMC's indemnity obligation. *See, e.g.*, *Invictus Unlimited v. Federal Ins. Co.*, No. 1:24-cv-00421-LF-GBW, 2025 WL 1208201, at *4 (D.N.M. Apr. 25, 2025) (finding that dismissal of an underlying suit mooted claims concerning a plaintiff's duty to indemnify); *Scottsdale Ins. Co. v. Jian Li Structure, Inc.*, No. 18-cv-0174-PKC-SJB, 2020 WL 5622201, at *8 (E.D.N.Y. Aug. 28, 2020) (finding a duty-to-indemnify claim moot because of a dismissal of an underlying action and no judgment to trigger an indemnity obligation). The Court will not ignore "the possibility, even though it may be highly improbable, that a claim may ultimately be established . . . within the coverage of the policy." *Valley Imp. Ass'n, Inc.*, 129 F.3d at 1126 (citing *Culp*, 365 F.2d at 478). Accordingly, the Court finds that EMC's duty-to-indemnify claim, unlike the duty-to-defend claim, is moot and dismissed without prejudice.

II. **EMC does not have a duty to defend Dana Enterprises.**

Federal courts, sitting in diversity, look to the forum state's law to interpret an insurance contract. *Houston Gen. Ins. Co. v. Am. Fence Co.*, 115 F.3d 805, 806 (10th Cir. 1997). Under New Mexico law, interpreting an insurance contract "is a matter of law about which the court has the final word." *Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, ¶ 60, 123 N.M. 752, 945 P.2d 970. A court begins its interpretation with "the plain language of the insurance agreement." *Union Standard Ins. Co. v. Hobbs Rental Corp.*, 566 F.3d 950, 952 (10th Cir. 2009); *see also Berry v. Fed. Kemper Life Assur. Co.*, 2004-NMCA-116, ¶ 58, 136 N.M. 454, 99 P.3d 1166 ("The insurance contract will be reviewed as a whole, starting, of course, with the language of the agreement itself."). In construing exclusionary clauses, courts must "endeavor to give effect to the reasonable

9

expectations of the insured." *Knowles v. United Servs. Auto Ass'n*, 1992-NMSC-030, ¶ 14, 113 N.M. 703, 832 P.2d 394.

### A. The Liquor-Liability Exclusion is unambiguous.

If ambiguities arise, a court should construe an insurance contract as a whole before looking to extrinsic evidence. *Rummel*, 1997-NMSC-041, ¶¶ 20–21. A policy term is ambiguous if it can be reasonably and fairly construed in competing interpretations. *United Nuclear Corp. v. Allstate Ins. Co.*, 2012-NMSC-032, ¶ 10, 285 P.3d 644. Ambiguities should be construed in an insured's favor, *see Rummel*, 1997-NMSC-041, ¶ 22, but a court should not strain so far in an insured's favor to create ambiguity where none exists, *see Battishill v. Farmers Alliance Ins. Co.*, 2006-NMSC-004, ¶ 17, 139 N.M. 24, 127 P.3d 1111.

Here, Dana Enterprises is insured by the Policy (**Doc. 1-2**), but its coverage is subject to the Liquor-Liability Exclusion. **Doc. 1-2 at 34**. The Liquor-Liability Exclusion provides that the "insurance does not apply to . . . '[b]odily injury' or 'property damage' for which any insured may be held liable by reason of" the following:

> (1) Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;
>
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
>
>> (a) The supervision, hiring, employment, training or monitoring of others by that insured; or
>>
>> (b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

> if the "occurrence" which caused the "bodily injury" or "property damage" involved that which is described in Paragraph (1), (2) or (3) above.

**Doc. 1-2 at 34**. The Policy defines "bodily injury" as "bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time." *Id.* **at 24**. "Occurrence" is defined as "an accident, including continuous . . . exposure to substantially the same general harmful conditions." *Id.* **at 26**. Thus, the plain language precludes coverage if the "occurrence" that caused "bodily injury" involved an insured causing or contributing to the intoxication of any person. *Id.* **at 34**.

Here, the parties do not contend that the Liquor-Liability Exclusion is ambiguous; Dana Enterprises only contends the declaratory judgment action is moot. **Doc. 32**. Even if Dana Enterprises did argue the language is ambiguous, the language involved is "more or less standard language used in tavern and saloon liability policies." *Union Ins. Co. v. Bandido Hideout, Inc.*, No. 1:11-cv-00351-MCA-LFG, 2012 WL 13076230, at *4 (D.N.M. Sept. 28, 2012) (citation and internal quotations omitted) (describing similar exclusion provision as a standard provision). Moreover, many courts have found other similar liquor-liability exclusions to be unambiguous. *See id.* (citing *Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1088 (D. Nev. 1999)). In light of the plain language of the exclusion and the determinations by other courts, the Court finds that the Liquor-Liability Exclusion is unambiguous.

### B. The Liquor-Liability Exclusion precludes a duty to defend.

To determine whether an insurer has a duty to defend, courts compare the factual allegations in the complaint to the insurance policy. *Found. Reserve Ins. Co. v. Mullenix*, 1982-NMSC-038, ¶ 6, 97 N.M. 618, 642 P.2d 604; *see also Capitol Specialty Ins. Co. v. Southwest Clubs, Inc.*, Civ. No. 1:12-cv-01299-JCH-KRS, 2014 WL 11515028, at *11 (D.N.M. Mar. 31,

11

2014) (finding that a court "can decide the question of the duty to defend as a matter of law based upon the allegations" in an underlying complaint).

In the underlying complaint, the Estate brings liquor license liability, negligence, loss of consortium, and wrongful death claims. *See* **Doc. 1-1 ¶¶ 14–36**. The Estate alleges that, on June 4, 2024, Jadyn Mow was drinking alcohol at Dana Enterprises' establishment, Ruidoso Bowling Center. *Id.* **¶ 8**. Shortly after leaving Ruidoso Bowling Center, Mow crashed his car, killing George Fitzgibbon, and was arrested for driving while intoxicated. *Id.* **¶¶ 11–13**. The Estate further alleges that employees of the Ruidoso Bowling Center knew that Mow excessively drank and knew or should have known Mow was excessively intoxicated, and the employees still served or procured him alcohol. *Id.* **¶¶ 9–12, 17–20**. The underlying complaint contains allegations that Ruidoso Bowling Center negligently overserved alcohol, served alcohol to intoxicated customers, hired and trained employees about serving alcohol, and allowed Mow to drive off the premises. *Id.* **¶¶ 24–27**. The wrongful death and loss of consortium claims arise from the same set of allegations. *See id.* **¶¶ 30–36**.

Here, the Liquor-Liability Exclusion precludes coverage of any claims of "bodily injury" for which the insured may be held liable by any of the following: causing or contributing to the intoxication of any person; furnishing alcohol to someone under the influence of alcohol; or statute, ordinance, or regulation regulating the sale of alcohol. *See* **Doc. 1-2 at 34**. The exclusion applies to the allegations in the underlying complaint. The liquor license liability arises out of the allegation that employees provided Mow with alcohol after they should have known he was intoxicated. **Doc. 1-1 ¶¶ 9–12, 17–20**. The negligence claims arise out of the alleged negligent hiring, supervising, and training of employees about serving and monitoring alcohol consumption which is also covered by the Liquor-Liability Exclusion. *Id.* **¶¶ 24–27**; *see also Federated Mut.*

*Ins. Co. v. Ever-Ready Oil Co.*, No. 1:09-cv-00857-WJ-RHS, 2012 WL 11945481, at *5 (D.N.M. Mar. 9, 2012) (finding that negligent hiring, supervision, and training claims fell within a similar exclusion because "they are directly related to the purportedly negligent sale of alcohol"). The wrongful death and loss of consortium claims incorporate the same allegations as the liquor license and negligence claims. **Doc. 1-1 ¶¶ 29–36**. Therefore, all the claims are unambiguously precluded by the Liquor-Liability Exclusion and finding otherwise would circumvent the intent of the parties. Accordingly, the Court finds that EMC has no duty to defend Dana Enterprises based upon the Underlying Suit's allegations.

## CONCLUSION

The Court finds that there is no genuine dispute of material fact and EMC is entitled to judgment as a matter of law on its duty-to-defend claim. Therefore, summary judgment as to EMC's duty-to-defend claim is **GRANTED**. The Court also finds that EMC's duty-to-indemnify claim is **DENIED as moot**, and therefore, is **DISMISSED without prejudice**.

**IT IS THEREFORE ORDERED** that EMC's Motion for Summary Judgment (**Doc. 20**) is hereby **GRANTED IN PART** and **DENIED IN PART** for reasons described in this Memorandum Opinion and Order.

                                                 /S/
                                                 KEA W. RIGGS
                                                 UNITED STATES DISTRICT JUDGE